FILED 26 JUL '12 13:13 USDC-ORE

UNITED STATES DISTRICT COURT

THE DISTRICT OF OREGON

EUGENE DIVISION

Diane Roark,  :  Case No.: 6:12-1354-AA
Plaintiff

v.  :  Violations of Constitutional Rights
                Return of Property, Rule 41(g)

United States,  :
Defendant.

...oOo...

## COMPLAINT

### Parties

1.  Plaintiff Diane Roark, filing *pro se*, resides in Stayton, Oregon and is a citizen of the United States.

2.  The Defendant is the United States, due to actions and omissions by the National Security Agency (NSA), headquartered at Ft.George G. Meade, Maryland, and the Federal Bureau of Investigation (FBI) and Department of Justice (DOJ), each headquartered in Washington, D.C.

### Jurisdiction

3.  Plaintiff's property was seized by the FBI from her residence in Stayton, Oregon, in Marion County, which falls under jurisdiction of the Eugene Division. Plaintiff was removed for improper venue from a Rule 41(g) lawsuit filed by five parties in the United States District Court of Maryland, and was notified that the proper venue in her case is the United States District Court of Oregon. *Wiebe et al. v National Security Agency et al.*,

Roark v U.S.   1

*Civil Case No. RDB-11-3245.*

Facts

4.     Plaintiff was employed at the House Permanent Select Committee on Intelligence, and was responsible for oversight of NSA's operations and budget for the five years before her retirement in April, 2002.  Plaintiff was suspected of providing classified government information about "warrantless wiretaps" to the <u>New York Times (NYT)</u>, and to NYT reporter James Risen for a book on the same topic, published in December 2005 and January 2006 respectively, and/or to the <u>Baltimore Sun</u>.  Plaintiff voluntarily met with the U.S. Attorney and FBI investigators for three hours in February, 2007.  She answered all their questions, except she refused to reveal her sources of information on warrantless wiretaps, and details of her discussion with a congressman, citing congressional privilege under the constitutional Separation of Powers.  She also provided an Affidavit swearing that she was not the source of the NYT or Risen exposes on "warrantless wiretaps."  Three persons have publicly admitted to being sources for information on warrantless wiretaps published in the NYT and elsewhere, but none of them have been prosecuted.

5.     The FBI raided Roark's property on July 26, 2007, seizing many boxes of papers, rolodexes and electronic equipment.  Simultaneous raids took place in Maryland at the homes of two associates, J.K. Wiebe and William Binney.  At the same time, another associate, Edward Loomis, was removed from his place of employment and "persuaded" to allow a search of his home without a warrant.  A fourth associate, Thomas Drake, was raided on November 28, 2007.  Loomis and Drake lost high-paying jobs.  All of us lost our security clearances and opportunity for further employment in our field of expertise.

6.  In December, 2009, prosecutors deliberately lied, claiming that Plaintiff committed felony perjury in her interview nearly three years earlier, and offered her a plea bargain; Plaintiff refused the plea bargain and exposed the lie. She has heard nothing about her case since then, despite a number of requests in 2012 for written notification of her status. Two associates were officially notified in January/February, of 2010 that they were no longer targets and were offered letters of immunity; a third associate was provided the same assurances in October, 2010. Thomas Drake was indicted in April, 2010, but all ten felony charges were dropped four days before his trial, scheduled for June, 2011. Prosecutors agreed that no classified information was revealed in the Baltimore Sun articles. *United States v. Drake, 2011 WL 2175007 at \*5 (D. Md. 2011)*.

7.  The five associates' seized property was not returned despite ten requests over four years by Loomis and two requests submitted by Wiebe and Binney after the Drake case was settled (Drake's public defenders managed to get a small amount of his property returned). Therefore, all five associates filed a joint Maryland civil lawsuit in November, 2011. Some property was returned to the associates, including Plaintiff, under pretrial negotiations supervised by a Magistrate Judge, but computers and their contents and some electronic storage devices were not returned; many of Plaintiff's papers also were retained. Defendants maintained that review of each remaining computer hard drive and storage device for classified data or for unclassified data that had not been released officially by NSA would last at least six months and in the case of one hard drive, 13 man-months, perhaps consecutively. Incongruously, the Government simultaneously asserted that all retained property did contain government information that was protected by the National Security Agency Act of 1959 (NSAA), some of which was classified.

Plaintiffs accepted the option offered by the Magistrate Judge to proceed with the trial.

8.  The Maryland Defendants moved for dismissal or, in the alternative, summary judgment, and noted that Plaintiff's venue was improper. Plaintiff was removed from the case in May, 2012. A hearing on the Defendants' motion is scheduled for August 23, 2012. The five-year statute of limitations for Plaintiff to file a return-of-property lawsuit in Oregon under Rule 41(g) is July 26, 2012.

9.  In a motion and response related to the Government's Motion to Dismiss, the Government argues, inter alia, that:

-   as a matter of *"NSA policy"* and under Article 6 of the NSAA, if a hard drive or storage device contains even one document with classified information, or with unclassified information about NSA that has not been officially released, the entire hard drive or storage device will not be returned to its owner.

-   this "government information" is "government property" that the government has an "unquestioned right" to protect; further, such property is contraband; further, Rule 41(g) requires that the petitioner be entitled to lawful possession of the seized property and that seized property cannot be contraband; and further, because the Petitioners had no right to possess government property, they do not come to court with "clean hands." As a result, Petitioners lack standing. In addition, the Government contended that in a civil case, the judge has no authority to review NSA's classification decisions.

-   To Plaintiffs' arguments that some asserted NSA rights are unconstitutional, Defendants responded that a Rule 41(g) case is not a constitutional case.

10. Plaintiffs argued in the Maryland case, inter alia, that

-   growing evidence indicated that prior to raiding Plaintiff and her associates,

agents of the Government had conducted a surreptitious search of Roark's property, thereby acquiring information about her associations and activities. Data from that search apparently was used to secure warrants for the subsequent search and seizures at Plaintiff's property and the properties of Wiebe, Binney and Drake, and to justify the warrantless search and seizure of Loomis' property. Affadavits for the warrants remain sealed. Plaintiff has never been notified of a surreptitious search of her property, as required by law and in violation of the Fourth Amendment. Searches based on information from an illegal search, the Maryland Plaintiffs argued, were unconstitutional use of the "fruit of the poisonous tree." Further, property seized during a search pursuant to a prior illegal search must be returned.

- Government assertion of sweeping rights to withhold any unclassified information that is not officially released by NSA and even to refuse to return voluminous other undisputed information located on an electronic device with such unclassified (or classified) information, violates citizen rights to free speech and communication under the First Amendment and to private property under the Fourth Amendment [as well as the Fifth and Sixth Amendments].

## Requests for Relief

11. Plaintiff asks that the Court find unconstitutional the following Government actions and claims:

- the Government's activities and assertions described in paragraphs 9 and 10 that infringe on citizen speech and communications under the First Amendment to the Constitution and on property rights under the Fourth, Fifth and Sixth Amendments.

- the manner in which the Government investigated, managed and prolonged her

case. Plaintiff contends that the actions taken against her constitute retaliation for her whistleblower activities and execution of her Congressional oversight responsibilities that revealed inefficiency, contract fraud, the persistent waste of billions of dollars on a single ill-conceived program that was never built, plus illegal and unconstitutional operations. Plaintiff requests that the Court declare that the Government violated her Fourth Amendment rights through illegal search and seizure and possibly other secret means; her Fifth Amendment rights to due process, through lengthy persecution, attempted malicious prosecution, abuse of process and intentional infliction of emotional distress; and her Sixth Amendment right to a speedy trial or notification of immunity, plus to be informed of the nature and cause of the accusation and confronted with the witnesses and evidence against her.

Plaintiff seeks to prevent government agencies from repeating these assaults against other citizens based on whim and retribution even after the Government lacks facts to support a prosecution, and to provide a legal precedent and recourse for victims of any such unconscionable acts. Further, since the government sought in this case to quash the exposure of waste, fraud, abuse and illegality in national security programs, the inherent secretiveness of which helps hide problems from citizen review, Plaintiff prays that the Court will uphold the right of employees and citizens to responsible whistleblowing when other alternatives are unavailable or ineffective.

12.    Plaintiff requests that the Court direct the Government to refrain from withholding from the public for prolonged and indefinite periods information that is not classified, and that it direct the Information Security Oversight Office to conform, circumscribe and sunset the various agency uses of designations for unclassified information, such as

FOUO (For Official Use Only), within twelve months of its ruling. Legitimately unclassified information should not be withheld from the public, particularly if it is being withheld because it would expose Agency errors and wrongdoing.

13. If FISA requirements for physical searches and/or electronic surveillance are found to have been intentionally violated under the color of law, Plaintiff requests invocation of the statute's cause of action clause imposing criminal and civil liabilities, penalties, damages and punitive damages, and awarding attorney's fees.

14.     Finally, Plaintiff seeks return of her remaining property, except those items that she has said need not be returned, if necessary under an associated Rule 41(g) action following resolution of constitutional issues.

15.     WHEREFORE, the Plaintiff demands judgment against the Defendant and such other relief as this Court deems just.

I declare under penalty of perjury that the foregoing is true and correct. Signed this 25th day of July, 2012.

Signature  *Diane Roark*, pro se

Name        Diane Roark
Address     2000 N. Scenic View Dr.
            Stayton, OR 97383
Telephone   503-767-2490

## Certificate of Service

I HEREBY CERTIFY that on July 26, 2012, a copy of a Complaint against the United States Government for violation of the First, Fourth, Fifth and Sixth Amendments to the Constitution and for Return of Property (including a Rule 41(g) action if necessary), was sent, postage prepaid and certified mail to:

> Mr. Eric Holder
> Attorney General of the United States
> U.S. Department of Justice
> 950 Pennsylvania Avenue, NW
> Washington, D.C. 20530-0001

Another copy was hand delivered to:

> U.S. Attorney's Office, District of Oregon
> 405 E. 8th Ave., Suite 2400
> Eugene, Oregon 97401

*Diane Roark*, pro se

Diane Roark
2000 N. Scenic View Dr.
Stayton, Oregon 97383
503-767-2490