IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DIANE ROARK,                                    Case No. 6:12-cv-01354-AA
                                                    OPINION AND ORDER
                Plaintiff,

        v.

UNITED STATES OF AMERICA,

                Defendant.
———————————————————————

Diane Roark
2000 N. Scenic View Drive
Stayton, Oregon 97383
        Pro se plaintiff

S. Amanda Marshall
United States Attorney
James E. Cox , Jr.
Assistant United States Attorney
District of Oregon
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204
        Attorneys for defendant


Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Defendant the United States of America (the "government") filed a motion to dismiss plaintiff Diane Roark's complaint, except for her return of property claim, pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). In response, plaintiff moved to amend her complaint pursuant to Fed. R. Civ. P. 15(a). For the reasons set forth below, plaintiff's motion is denied.

## BACKGROUND

This case arises out of the government's allegedly wrongful actions pursuant to its investigation into leaked confidential government information. Following the September 11, 2001 attacks on the United States, President Bush established the Terrorist Surveillance Program ("TSP"), which authorized the National Security Agency ("NSA") to intercept international communications of persons linked to al Qaeda or related terrorist organizations. On December 15, 2005, the New York Times began publishing a series of articles describing a range of alleged NSA activities, including the TSP and warrantless wiretaps; the Baltimore Sun also published an article on the same subject.

Shortly after publication of the first New York Times article, the Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI") initiated an investigation to ascertain the source or sources that were responsible for the unauthorized disclosure of classified information contained therein. Plaintiff,

a former staff member of the U.S. House of Representatives Permanent Select Committee on Intelligence, was identified as a subject of that investigation.

In February 2007, plaintiff voluntarily met with the DOJ and FBI for three hours regarding their investigation. Over the course of the interview, plaintiff answered all of the government's questions, except that she refused to reveal her sources of information on warrantless wiretaps, as well as the details of her discussion with a congressman. At that time, plaintiff also provided an affidavit, averring that she was not the source of the classified information in the articles at issue.

In July 2007, the government applied for and obtained a warrant from the U.S. District Courts for the Districts of Maryland and Oregon to search plaintiff's personal residence for evidence related to the investigation. On July 26, 2007, FBI agents executed the search warrant and confiscated a number of items, including computers, hard drives, other electronic items, and various documents from plaintiff's home in Stayton, Oregon.

In December 2009, DOJ prosecutors alleged that plaintiff perjured herself during their February 2007 interview and offered her a plea bargain. Plaintiff refused their offer. Thereafter, plaintiff was neither threatened with further charges nor did she receive notice that she was no longer a target of the investigation. Three individuals subsequently admitted to being

the sources of the leaked information; none of them have been prosecuted.

In November 2011, plaintiff filed a lawsuit in the U.S. District Court for the District of Maryland under Fed. R. Crim. P. 41(g), seeking the return of property seized from her residence in July 2007. Plaintiff was ultimately dismissed from that action for improper venue. See Wiebe v. Nat'l Sec. Agency, 2012 WL 1670046, *1-2 (D.Md. May 11, 2012). Accordingly, on July 26, 2012, plaintiff filed a complaint in this Court, alleging constitutional, equitable, and whistleblower retaliation claims, as well as a return of property claim pursuant to Fed. R. Crim. P. 41(g). After commencing her lawsuit in this District, plaintiff received confirmation from the government that no criminal charges would be filed against her arising out of the investigation or the July 2007 search and seizure. On November 13, 2012, the government moved to dismiss plaintiff's complaint, except for her return of property claim. On December 14, 2012, plaintiff filed a motion to amend the complaint "to a Bivens return of property" action. Pl.'s Mot. Amend 1. That same day, plaintiff also filed a response to the government's motion to dismiss.

## STANDARD

Leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts apply Rule 15 with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316

Page 4 - OPINION AND ORDER

F.3d 1048, 1051 (9th Cir. 2003) (citations omitted).    In
determining whether a motion to amend should be granted, the court
generally considers five factors: (1) undue delay; (2) bad faith;
(3) futility of amendment; (4) prejudice to the opposing party; and
(5) whether the plaintiff has previously amended the complaint.
United States v. Corinthian Colls., 655 F.3d 984, 995 (9th Cir.
2011) (citation omitted).    These factors are not weighted equally:
"futility of amendment alone can justify the denial of a motion" to
amend.    Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F.3d 1051, 1055
(9th Cir. 2009).

## DISCUSSION

In her proposed amended complaint ("PAC"), plaintiff seeks to:
(1) omit the Sixth Amendment and add the Fourteenth Amendment as a
basis for her claims; (2) remove the United States as a defendant;
(3) add ten federal employees as defendants in their individual
capacities; and (4) allege Bivens[1] claims under the First, Fourth,
and Fifth Amendments.    See Pl.'s Mem. in Supp. of Mot. Amend 2-4.
The government argues that plaintiff's motion should be denied
because there was no state action in this case, any Bivens action
is precluded by the statute of limitations, and the PAC does not
include sufficient factual allegations.    Further, the government
expressed confusion over whether plaintiff intended to abandon her

---

[1] Bivens v. Six Unknown Named Agents of the Fed. Bureau of
Narcotics, 403 U.S. 388 (1971).

declaratory and injunctive relief claims, since they are not expressly alleged in the PAC.

In response, plaintiff acknowledges that "no state or local officials participated in the actions taken against her." Pl.'s Reply to Mot. Amend 3. Plaintiff also states that she "is willing to abandon her request for a Court declaration that the government acted unconstitutionally [but will] continue to seek injunctive relief to force reforms to curtail the indefinite withholding of unclassified information for no permitted reason." Id. at 2-3. Regardless, plaintiff stipulates that, if her request to add Bivens claims are "not approved, she seeks [a] voluntary withdrawal from the lawsuit without prejudice." Id. at 2; see also Pl.'s Resp. to Mot. Dismiss 1 (plaintiff "requests Court approval to amend her Complaint to [add a] Bivens Action [or] Voluntary Dismissal Without Prejudice of the constitutional issues leaving for litigation a Rule 41(g) lawsuit for return of property"). As such, this case hinges on whether plaintiff's proposed Bivens claims are time-barred and whether the PAC otherwise fails to state a claim.

In Bivens, the Supreme Court created a private right of action through which federal officials can be held liable in their individual capacities for violating a person's Fourth Amendment rights. See Bivens, 403 U.S. at 390-97; see also Papa v. United States, 281 F.3d 1004, 1009 (9th Cir. 2002). In the intervening decades, two more non-statutory Bivens actions for constitutional

violations have been created. See Wilkie v. Robbins, 551 U.S. 537, 549 (2007) (citing Davis v. Passman, 442 U.S. 228, 243-44 (1979) (recognizing a Bivens claim for unlawful discrimination under the Fifth Amendment); and Carlson v. Green, 446 U.S. 14, 19-24 (1980) (recognizing a Bivens claim for violations caused by prison officials under the Eighth Amendment)). The Supreme Court, however, "has rejected all other attempts to expand Bivens." Kortlander v. Cornell, 816 F.Supp.2d 982, 989 (D.Mont. 2011) (citations omitted); see also Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 68-70 (2001).

I.   Statute of Limitations

Plaintiff's proposed Bivens claims are based on the allegedly surreptitious searches and surveillance of her property that took place prior to July 2007, the July 2007 search and seizure, and the manner in which the government investigated, managed, and prolonged her case following those events. Accordingly, the gravamen of plaintiff's PAC is that the proposed defendants conspired to establish an illegal investigation in retaliation for her outspoken opposition to the NSA's warrantless wiretap programs.

In Oregon, the applicable limitations period for a Bivens action is two years. See Van Strum v. Lawn, 940 F.2d 406, 410-11 (9th Cir. 1991) (forum state's personal injury statute of limitations applies in Bivens actions); Or. Rev. Stat. § 12.110 (two year statute of limitations for personal injury actions).

Page 7 - OPINION AND ORDER

While the statute of limitations is derived from state law, federal law determines when the limitations period accrues. See Papa, 281 F.3d at 1009 (citation omitted). A claim accrues under federal law when the plaintiff "knows or has reason to know of the injury" that is the basis of the action. Western Ctr. For Journalism v. Cederquist, 235 F.3d 1153, 1156 (9th Cir. 2000). Thus, a "Bivens claim arising out of a search accrues on the date of the search." Kortlander, 816 F.Supp.2d at 990 (citing Kreines v. United State, 959 F.2d 834, 836 (9th Cir. 1992); and Johnson v. Johnson Cnty. Comm'n Bd., 925 F.2d 1299, 1300 (10th Cir. 1991)). Therefore, any claims arising out of the July 26, 2007 search and seizure, or the prior illegal surveillance upon which the warrant for that search was allegedly based, accrued on that date. Because plaintiff instituted this lawsuit nearly five years later, her proposed Bivens claims are time-barred.

Plaintiff acknowledges that she commenced this lawsuit over two years after the allegedly illegal search and seizure at issue. See Pl.'s Reply to Mot. Amend 18. Nevertheless, plaintiff argues that any Bivens claim did not begin to accrue until she became aware of the full nature[2] of the government's constitutional torts:

---

[2] Plaintiff relies on Toussie v. United States, 397 U.S. 112 (1970), in support of her argument. In Toussie, the Supreme Court held that a failure to register for the draft could not be deemed a continuing offense for purposes of the statute of limitations. See Toussie, 397 U.S. at 123-24. Accordingly, Tousie is inapplicable, as the case at bar does not require this Court to examine tolling in the context of the government's

"[plaintiff] did not have sufficient evidence that there was a
deliberate conspiracy against her until a generic/group affidavit
applying to the 2007 search and seizure at her home was unsealed in
November, 2012." Id. at 18-19 (emphasis omitted).

Initially, because the Court accepts as true all of the well-
pleaded allegations in the PAC, proof of the injury is irrelevant
at this stage in the proceedings.  Further, a continuing violation
is occasioned only "by continual unlawful acts, not by continual
ill effects from an original violation." Ward v. Caulk, 650 F.2d
1144, 1147 (9th Cir. 1981).  Thus, in order to qualify as a
continuing violation, "repeated instances or continuing acts of the
same nature" must be the basis of the claim. Sisseton-Wahpeton
Sioux Tribe of Lake Traverse Indian Reservation, N. Dakota & S.
Dakota v. United States, 895 F.2d 588, 597 (9th Cir.), cert.
denied, 498 U.S. 824 (2000); Western Ctr. For Journalism, 235 F.3d
at 1157 ("[f]or a continuing violation to be established, a
plaintiff must show a series of related acts, one or more of which
falls within the limitations period") (citations and internal
quotations omitted).

Here, plaintiff's pleadings and briefs contain four
allegations that may be relevant to her continuing violations
theory: (1) the government's December 2009 false charge of felony
perjury based on statements she made at the February 2007

---

ability to indict under a criminal statute.

Page 9 - OPINION AND ORDER

interview; (2) the government's failure to inform her, until January 2013, "that in fact, there is no open investigation of Plaintiff and no intention by the government to reopen the investigation" or file criminal charges; (3) the government's retention of seized property; and (4) the government's "refusal to confirm or deny the indications of a possible sneak and peek entry sometime prior to July 26, 2007, or other trespass."[3]  Pl.'s Reply to Mot. Amend 19-25 (citations, internal quotations, and emphasis omitted).

Plaintiff has not cited to, and the Court is not aware of, any authority applying the continuing violations doctrine under such circumstances.  To the contrary, courts examining this issue hold that the threat of prosecution existing after an allegedly illegal search "is a continuing impact from that search — it is not a repeated instance or a continuing act of the same nature." Kortlander, 816 F.Supp.2d at 991.  The same is true for the failure to timely prosecute or provide notification that no charges would be filed.  Id.  Moreover, the government's retention of the property seized from plaintiff's residence in July 2007 is likewise

---

[3]  She also asserts that "there appears to have been prolonged and illegal electronic monitoring of Plaintiff."  Pl.'s Reply to Mot. Amend 23.  While ongoing illegal searches and surveillance may qualify as a series of related acts for the purposes of the continuing violations doctrine, the PAC does not include any facts regarding such events.  As such, the Court is unable to determine whether the proposed defendants' alleged surveillance was related to the investigation or extended into the limitations period.

a continuing impact from that search.  Accordingly, because the PAC is premised on the ill effects of the proposed defendants' failure to properly investigate the 2005 and 2006 leaks, any proposed Bivens claims relating to or arising out of the July 2007 search and seizure would be futile.  Therefore, plaintiff's motion to amend her complaint is denied.

II.  Failure to State a Claim

Even assuming that the proposed Bivens claims were not time-barred, plaintiff's motion is nonetheless denied because the PAC fails to state a claim.  To state a Bivens claim, a "plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of [her] civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999) (discussing 42 U.S.C. § 1983); Van Strum, 940 F.2d at 409 ("Bivens' actions are identical to those brought under 1983 except for the substitution of a federal actor for a state actor"); see also Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  As such, a plaintiff is required to establish each Bivens defendant's "integral participation" in the alleged unconstitutional conduct.  Chuman v. Wright, 76 F.3d 292, 294-95 (9th Cir. 1996).

Here, the PAC fails to meet these requirements.  Plaintiff has not alleged that any of the proposed individual defendants are federal officers who harmed her while acting in their individual capacities.  In addition, the PAC does not outline any acts or

Page 11 - OPINION AND ORDER

omissions by the proposed defendants or provide any allegations about their participation in the constitutional violations at issue. In fact, beyond the first page, the PAC does not contain a single reference to any proposed defendant. Plaintiff responds with discussion about the individually named defendants; however, most of this information is either irrelevant or neglects to demonstrate these individuals' "integral participation" in the allegedly unconstitutional events that form the basis of this lawsuit. See Pl.'s Reply to Mot. Amend 5-18.

Additional deficiencies appear in the PAC which suggest that plaintiff will be unable to state a Bivens claim against some of the putative defendants. For instance, plaintiff named three attorneys as defendants in PAC. If these individuals are named based on actions taken in their prosecutorial capacities, then such a claim would fail on the basis of absolute immunity. See Briley v. State of Cal., 564 F.2d 849, 856 (9th Cir. 1977) ("prosecutorial immunity extends to the process of plea bargaining as an integral part of the judicial process"); see also Van de Kamp v. Goldstein, 555 U.S. 335, 341-43 (2009). Similarly, plaintiff's reply brief indicates that the former and current directors of the NSA are named as Bivens defendants because they supervised individuals who violated her constitutional rights; however, such a claim would be futile because "respondeat superior is inapplicable to Bivens actions." Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991)

(citations omitted); see also Moss v. U.S. Secret Serv., 675 F.3d 1213, 1230-31 (9th Cir. 2012).

Finally, it is questionable whether plaintiff would be able to sustain a Bivens claim based on a criminal investigation that was in retaliation for whistleblowing activities. As discussed above, the circumstances under which a Bivens claim can be maintained have been carefully circumscribed; the decision whether to recognize a new Bivens remedy generally requires evaluation of two factors. First, the court must consider whether there is "any alternative, existing process for protecting the plaintiffs' interests." Western Radio Servs. Co. v. U.S. Forest Serv., 578 F.3d 1116, 1120, cert. denied, 130 S.Ct. 2402 (2010) (quoting Wilkie, 551 U.S. at 550). If no such alternative remedy exists, the court proceeds to the next step and inquires "whether there nevertheless are 'factors counseling hesitation' before devising such an implied right of action." Id. (quoting Wilkie, 551 U.S. at 550).

Due to the other inadequacies in plaintiff's pleadings, the Court declines to formally undertake this two-prong analysis. While not dispositive, the Court nonetheless notes that the proposed claims fall outside of established Bivens jurisprudence. The only other court that has examined this issue held that a plaintiff cannot evince the existence of a constitutional tort based on a retaliatory investigation. See Rehberg v. Paulk, 611 F.3d 828, 850-51 (11th Cir. 2010), aff'd, 132 S.Ct. 1497 (2012).

Similarly, plaintiff "does not have an implied cause of action under <u>Bivens</u> for a Fifth Amendment takings claim." <u>Anoushiravani v. Fishel</u>, 2004 WL 1630240, *8 (D.Or. July 19, 2004). Thus, it is questionable whether plaintiff can plead a <u>Bivens</u> claim as a matter of law. Therefore, plaintiff's motion to amend is denied.

### CONCLUSION

Plaintiff's motion to amend the complaint (doc. 18) is DENIED. The government's motion to dismiss (doc. 8) is DENIED as moot. Pursuant to plaintiff's stipulation and this Court's finding that her <u>Bivens</u> claims are not approved, plaintiff's request for voluntary withdrawal from this lawsuit without prejudice regarding the constitutional claims is GRANTED, leaving for litigation a Fed. R. Crim. P. 41(g) lawsuit for return of property.

IT IS SO ORDERED.

Dated this _12_ day of March 2013.


_____
Ann Aiken
United States District Judge