**S. AMANDA MARSHALL, OSB # 953473**
United States Attorney
District of Oregon
**JAMES E. COX, JR., OSB # 085653**
jim.cox@usdoj.gov
Assistant United States Attorney
United States Attorney's Office
District of Oregon
1000 SW Third Ave., Suite 600
Portland, Oregon 97204-2902
Telephone:     (503) 727-1026
Facsimile:     (503) 727-1117
        Attorneys for Defendant United States

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **DIANE ROARK,** | Case No.: 6:12-CV-01354-MC |
| **Plaintiff,** | |
| v. | **JOINT STATUS REPORT** |
| **UNITED STATES OF AMERICA,** | |
| **Defendant.** | |

Plaintiff Diane Roark, appearing *pro se*, and Defendant the United States of America, by S. Amanda Marshall, United States Attorney for the District of Oregon, and through James E. Cox, Jr., Assistant United States Attorney for the District of Oregon, submit the following joint status report pursuant to the Court's Scheduling Order, dated March 14, 2014 (ECF # 65).

**Page 1 Joint Status Report**
        *Roark v. United States,* 6:12-CV-01354-MC

On March 13, 2014, the parties filed a joint status report regarding Plaintiff's claim for return of property under Federal Rule of Criminal Procedure 41(g). (ECF No. 64.) The Court ordered a status report filed addressing the status on the return and review process, any issues regarding the privilege log provided by the government for the paper documents in the government's possession, and a proposed schedule for litigation of the status of documents (electronic and paper) that the government contends should not be returned because of the presence of classified or protected information. (ECF No. 65.)

## I. Government Update on Recent Developments.

On May 7th, the government provided Plaintiff with the privilege log regarding the paper documents still in the government's possession.

There have been two recent developments that affect the framework set forth in the prior status reports regarding the review and return of information to Plaintiff. The first deals with the volume of information on Plaintiff's computer that is to be reviewed for potential return. Plaintiff had requested that the information on her user profile and her email cache be returned to her. At the time of the last status report, the government had not been able to identify an email cache from her AOL email account on the computer. Since that time, the email cache has been identified by conducting a search using Plaintiff's former government email address. This cache contains over 10,000 emails, and the government is prepared to review information from that cache for potential return to Plaintiff.

The second issue that has arisen relates to the method of the government's review of information for potential return to Plaintiff. As part of the process for creating the log for the paper documents, Plaintiff's former employer, the House Permanent Select Committee on Intelligence ("HPSCI"), reviewed some of the paper documents.

Here, HPSCI has determined that it wishes to assert a basis for not returning some of the information to Plaintiff, namely that information that, by virtue of House and Committee rules (and Plaintiff's various Nondisclosure Agreements with HPSCI), is the property of the House, and not Plaintiff.  *See, e.g.*, House Rule X.11(d)(2) ("[HPSCI] may vote to close a hearing . . . ."); *id.* Rule XI.2(k)(7) (requiring committee authorization to publicly use evidence or testimony taken in executive session) ; *see also, e.g*. Rules 4, 12, 13 of the Rules of the Permanent Select Comm. on Intelligence, U.S. House of Representatives, 113th Cong. (2013) ("Committee Rules"), *available online* http://intelligence.house.gov/sites/intelligence.house.gov/files/documents/HPSCI%20Rules%20of%20Procedure%20-%20113th%20Congress.pdf).  More particularly, HPSCI seeks to conduct a review of any electronic files that are being reviewed for return to Plaintiff, so as to identify files that may contain information subject to a claim by HPSCI.

The topic of HPSCI's role in the government's review and return process was not discussed in the recent settlement conferences.  Undersigned counsel for the government had not coordinated with HPSCI prior to the settlement conferences because the earlier proceedings in the Maryland action that gave rise to settlement discussions had not involved HPSCI, but counsel recognizes that it would have been beneficial to have HPSCI involved in those discussions.

## II.	Plaintiff's Position Regarding Government Update.

Plaintiff's position is that any search for HPSCI's benefit is an illegal search undertaken without Plaintiff's permission and without probable cause of crime.  HPSCI also has no apparent right to view the results of any NSA searches supposedly authorized under NSAA or other statute, including any unclassified or allegedly classified documents recovered.

Plaintiff contends that the only legitimate interest HPSCI has in her personal paper and electronic files would be a legislative privilege complaint against the executive branch for intruding on congressional oversight prerogatives. Plaintiff contends that such activities violated the speech or debate clause of the Constitution by seizing, examining and retaining since 2007 documents related to Congressional oversight, due to Plaintiff's employment 12 years ago at HPSCI. Neither HPSCI nor the House of Representatives General Counsel has informed Plaintiff that such a stance is being adopted.

Further, Plaintiff contends that if HPSCI were to pursue a legislative privilege case against the executive, this would be an improper means of acquiring the evidence. That evidence of Plaintiff's contact with government whistleblowers, who are protected under President Obama's extension of whistleblower legislative provisions to national security employees, and who should also be protected by legislative privilege, is abundant. However, it would properly be acquired through normal legal procedures within this Rule 41g case for return of property.

Finally, Plaintiff contends that the fact that HPSCI is using a DOJ attorney as its authorized representative indicates definitively that HPSCI is not contemplating action against the executive branch. Plaintiff requests that HPSCI and NSA cease any searches and that she receives a written explanation of HPSCI's intent, specific goals, past and contemplated procedures and legal authority for this search, as well as documentation in writing regarding what activities were engaged in prior to cessation of the search and what results were obtained for, and/or viewed by, HPSCI.

### III. Proposed Action.

The parties propose that they update the settlement conference judge, Judge Acosta, regarding these recent developments. The parties propose that they then file a status report in 60

**Page 4 Joint Status Report**
    *Roark v. United States,* 6:12-CV-01354-MC

days that addresses whether the review and return process can move forward prior to briefing the Court on any legal issues or whether briefing on certain issues will be necessary prior to moving forward with the review and return process.[1]  Given Plaintiff's concerns regarding HPSCI's role in the return process, the government has ceased review of information from Plaintiff's computer until this issue is resolved.

DATED this 13th day of May 2014.

          Respectfully submitted,

          __/s/ Diane Roark_____
          Diane Roark, *pro se*
          2000 N. Scenic View Dr.
          Stayton, Oregon 97383
          503-767-2490
          gardenofeden@wvi.com


          S. AMANDA MARSHALL
          United States Attorney
          District of Oregon

          __/s/ James E. Cox, Jr._____
          JAMES E. COX, JR.
          Assistant United States Attorney
          Attorneys for Defendant

---

[1] The 60 day time period is requested because Judge Acosta has a busy trial calendar in the next month and will not be able to turn to this issue until about 30 days from now.

**Page 5 Joint Status Report**
    *Roark v. United States,* 6:12-CV-01354-MC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Joint Status Report** was placed in a postage prepaid envelope and deposited in the United States Mail at Portland, Oregon, on May 13, 2014, addressed to:

Diane Roark
2000 N. Scenic View Dr.
Stayton, OR 97383

And via email to:

gardenofeden@wvi.com

                                                                                                              /s/Deanne Bateson
                                                                                                            DEANNE BATESON
                                                                                                             Legal Assistant