**S. AMANDA MARSHALL, OSB # 953473**
United States Attorney
District of Oregon
**JAMES E. COX, JR., OSB # 085653**
jim.cox@usdoj.gov
Assistant United States Attorney
United States Attorney's Office
District of Oregon
1000 SW Third Ave., Suite 600
Portland, Oregon 97204-2902
Telephone:    (503) 727-1026
Facsimile:     (503) 727-1117
          Attorneys for Defendant United States

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **DIANE ROARK,** | Case No.: 6:12-CV-01354-MC |
| Plaintiff, | |
| v. | **DECLARATION OF MIRIAM P.[1] IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| **UNITED STATES OF AMERICA,** | |
| Defendant. | |

---

[1] Section 6 of the National Security Agency Act of 1959, 50 U.S.C. § 3605 (Pub. L. No. 86-36) authorizes the National Security Agency (NSA) to protect from public disclosure, among other categories of information, the names of its employees. The undersigned declarant and the NSA employee referred to in the body of this declaration occupy non-public positions with the NSA. Thus, the names of these NSA employees are referred to by first name, last initial. The Agency is prepared to provide the full name of any employee in an *ex parte*, under seal filing should the Court so require.

**Page 1    Declaration of Miriam P. in Support of Defendant's Motion for Summary Judgment**
          *Roark v. United States,* 6:12-CV-01354-MC

I, Miriam P., hereby make the following declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.

1. I am the Deputy Chief of Staff for Policy and Corporate Issues for the Signals Intelligence Directorate (SID) of the National Security Agency (NSA), an intelligence agency within the Department of Defense. I am responsible for, among other things, protecting NSA Signals Intelligence (SIGINT) activities, sources, and methods against unauthorized disclosures. Under Executive Order (E.O.) 12333, NSA is responsible for the collection, processing, analysis, production and dissemination of SIGINT information for the foreign intelligence and counterintelligence purposes of the United States. 46 Fed. Reg. 59941 (Dec. 4, 1981) as amended by Executive Order 13284 (2003), Executive Order 13355 (2004), 69 Fed. Reg. 53593 (Aug. 27, 2004); and Executive Order 13470 (2008).

2. I have been designated an original TOP SECRET classification authority under E.O. 13526, 75 Fed. Reg. 707 (Jan. 5, 2010), and Department of Defense Manual 5200.01, Information and Security Program, Vol. I (Feb. 24, 2012).

3. My statements herein are based upon my personal knowledge of NSA and SIGINT operations, my review of certain information, and the information available to me in my capacity as the Deputy Chief of Staff for Policy and Corporate Issues for the Signals Intelligence Directorate of NSA.

4. The NSA was established by Presidential Directive in 1952 as a separately organized agency within the Department of Defense under the direction, authority, and control of the Secretary of Defense. NSA's foreign intelligence mission includes the responsibility to collect, process, analyze, produce, and disseminate SIGINT information for foreign intelligence and

counterintelligence purposes, to support national and departmental missions, to include the conduct of military operations. See E.O. 12333, section 1.7 (c), as amended.

5. In performing its SIGINT mission, NSA exploits foreign signals to obtain intelligence information necessary to the national defense, national security, or the conduct of foreign affairs. NSA has developed a sophisticated worldwide SIGINT collection network that acquires, among other things, foreign and international electronic communications. The technological infrastructure that supports the NSA's foreign intelligence information collection network has taken years to develop at a cost of billions of dollars and untold human effort. It relies on sophisticated collection and processing technology.

6. In order to allow NSA to successfully perform its SIGINT mission, some of its activities must be kept secret. Original classification is the initial determination that NSA information requires, in the interest of national security, protection against unauthorized disclosure. There are three levels of classification that are based on the damage to national security that could be expected if the information were subject to unauthorized disclosure.

   a. "TOP SECRET" shall be applied to information, the unauthorized disclosure of which reasonably could be expected to cause exceptionally grave damage to the national security;

   b. "SECRET" shall be applied to information, the authorized disclosure of which reasonably could be expected to cause serious damage to the national security; and

   c. "CONFIDENTIAL" shall be applied to information, the unauthorized disclosure of which reasonably could be expected to cause damage to the national security.

7. In addition to classification, NSA information may also be Sensitive Compartmented Information (SCI), which is "information that not only is classified for national security reasons

**Page 3   Declaration of Miriam P. in Support of Defendant's Motion for Summary Judgment**
*Roark v. United States,* 6:12-CV-01354-MC

as Top Secret, Secret, or Confidential, but also is subject to special access and handling requirements because it involves or derives from particularly sensitive intelligence sources and methods." 28 C.F.R. § 17.18(a). Because of the exceptional sensitivity and vulnerability of such information, these safeguards and access requirements exceed the access standards that are normally required for information of the same classification level. Specifically, this declaration references special intelligence (SI), a marking used to protect certain Communications Intelligence (COMINT), which is a subcategory of SCI. SI identifies SCI that was derived from exploiting cryptographic systems or other protected sources by applying methods or techniques, or from intercepted foreign communications.

8. As a TOP SECRET original classification authority pursuant to section 1.3 of E.O. 13526, it is one of my responsibilities to confirm the classification of NSA SIGINT information and/or information impacting NSA equities.

9. The NSA does not have the authority to agree to the release of classified or protected information that originates from another federal agency or department. When the question of disclosure of such information arises, the NSA refers the information and the issue of disclosure to the originating agency for a decision.

10. Through the exercise of my official duties, I have become familiar with the current litigation arising out of a request by plaintiff Diane Roark for the return of a computer and other items that I have been informed were seized by the Federal Bureau of Investigation (FBI). This declaration is provided in support of the government's continuing interest in classified and/or protected information found in certain items that were seized at Plaintiff's residence and therefore should not be returned to her.

11.     It is my understanding that the FBI seized various documents/papers and a CD from plaintiff Roark's residence. I have conducted a classification review of a sampling of information in these items, using relevant authorities, such as classification guides and databases as applicable to determine the appropriate classification level of information contained in the paper documents/files.

12.     Based on my authority as a TOP SECRET classification authority, I have determined that at least four of the paper documents in the possession of the FBI from the Roark search and seizure all contain information that is currently and properly classified information as reflected in the chart below, in accordance with E.O. 13526, and protected from release by statute, specifically Section 6 of the National Security Agency Act of 1959.

| Log Item # | Description (type of item, # of pages, general nature of content) | Classification level of document |
|---|---|---|
| HC4 | Commander Naval Security Group Slides, 18 pages | SECRET |
| HC11 | Pre-publication Submission by Diane Roark, (first copy), 4 pages | SECRET//SI |
| HC12 | Pre-publication Submission by Diane Roark, (second copy) 4 pages | SECRET//SI |
| HC13 | Pre-publication Submission by Diane Roark, (third copy), 4 pages | SECRET//SI |

13.     Executive Order 13526, Section 1.4 provides that information may not be considered for classification unless its unauthorized disclosure could reasonably be expected to cause identifiable or describable damage to the national security and pertains to one or more of eight specifically enumerated categories of information. The category of classified information to which the four documents listed above pertain is Section 1.4(c), intelligence activities (including covert action), intelligence sources and methods, or cryptology. Disclosure of the classified

**Page 5   Declaration of Miriam P. in Support of Defendant's Motion for Summary Judgment**
*Roark v. United States,* 6:12-CV-01354-MC

information in these documents reasonably could be expected to cause serious damage to United States national security by compromising SIGINT intelligence sources, methods and/or activities. Specifically, item #HC4 contains Electronic Intelligence (ELINT) information that is currently and properly classified. ELINT, a subset of SIGINT, is technical and intelligence information derived from foreign non-communications electronic signals, such as radars and radar-jamming signals. Items #HC11, HC12 and HC13 contain COMINT information that is currently and properly classified. COMINT is technical and intelligence information derived from foreign communications signals and data. To provide additional information regarding these classified documents would lead to the disclosure of classified information.

14.    Congress has specifically recognized the inherent sensitivity of the activities of the NSA. One of these statutes is a statutory privilege unique to NSA. NSA's statutory privilege is set forth in section 6 of the National Security Agency Act of 1959, 50 U.S.C. § 3605 (Public Law 86-36). Section 6 of the NSA Act provides that "[n]othing in this Act or any other law . . . shall be construed to require the disclosure of the organization or any function of the National Security Agency, of any information with respect to the activities thereof . . . ." By this language Congress expressed its finding that disclosure of any information relating to NSA activities is potentially harmful. In addition to being currently and properly classified in accordance with E.O. 13526, each of the four aforementioned documents is also exempt from public disclosure under Public Law 86-36. Information, however, need not be classified to be exempt from public disclosure in accordance with Public Law 86-36.

15. Based on my review of the information withheld from return to Plaintiff Roark, I have also determined that the following 19 items all contain information that is protected from release under Public Law 86-36:[2]

| Log Item # | Description (# pages, type of item, general nature of content) |
|---|---|
| HC1 | Email strings "Re: suggestions tonight?", 9 pages |
| HC2 | Congressional Staff Visit, dated 24 June 1999, 2 pages |
| HC3 | Memorandum for Commander, Naval Security Group Command, 2 pages |
| HC5 | Set of miscellaneous documents, primarily faxes, 38 pages |
| HC7 | Working Group April 19, 2001 CD |
| HC14 | Initial Comments Regarding Specific Redactions 9/11/06, 5 pages |
| HC23 | Notebook, At a Glance 2000, 90 pages |
| HC24 | Notebook, 6/96 – Message log (audio), 55 pages |
| HC25 | Notebook, tel. msg. 7/98 – 2/23/99, 71 pages |
| HC26 | Notebook, Telephone msg 2/24/99 to 7/21/99, 68 pages |
| HC27 | Notebook, msg 9/28/99 to 4/6/00, 63 pages |
| HC28 | Notebook, msg 4/6/00 to 12/1/00, 69 pages |
| HC29 | Notebook, 12/4/00 – , 67 pages |
| HC31 | Notebook, Telecons 10/97-6/98, 69 pages |
| HC32 | Notebook, Pocket Planner (Inside: 1990 calendar), 103 pages |
| HC33 | Notebook, Week At a Glance (Inside: Appointments 1999), 101 pages |
| HC34 | Notebook, (Back cover) 1995-96 Msg log (audio), 38 pages |
| HC35 | Notebook, Press List Telecons 4/23/97 to 9/25/97, 42 pages |
| HC36 | Notebook, msg 7/22-9/27/99, 51 pages |

16. The foregoing documents are protected from disclosure by Public Law 86-36, Section 6, because they each reference the name(s) of NSA employees in non-public positions with the Agency.

---

[2] Due to the length of some of these documents and the difficulty in reading some of the hand-written notes, I have only confirmed the presence of NSA protected information in at least one location of each item. Thus, it is possible these items may also contain information classified in accordance with E.O. 13526.

**Page 7** **Declaration of Miriam P. in Support of Defendant's Motion for Summary Judgment**
*Roark v. United States,* 6:12-CV-01354-MC

17.    I also reviewed four files that were on a computer hard disk drive ("HDD") that the FBI seized from plaintiff Roark. Based on my authority as a TOP SECRET classification authority, I have determined that the files contain information that is currently and properly classified at the TOP SECRET//SI level in accordance with E.O. 13526. The information is also protected from release by statute, specifically Section 6 of the National Security Agency Act of 1959.

| File and Description (file name, type of file, general nature of content) | Classification of Document or status as NSA protected information |
|---|---|
| WRC1864.tmp (temporary file), THIN THREAD, May 2002 | TOP SECRET//SI |
| WRL0401.tmp (temporary file), THIN THREAD, May 2002 | TOP SECRET//SI |
| WRL0718.tmp (temporary file), May 2002, THIN THREAD | TOP SECRET//SI |
| TT Description 3a.doc | TOP SECRET//SI |

18.    The category of classified information to which the information in these four files pertains is Section 1.4(c), intelligence activities (including covert action), intelligence sources and methods, or cryptology. Disclosure of the classified information reasonably could be expected to cause exceptionally grave damage to United States national security by compromising SIGINT intelligence sources, methods and/or activities. All four files contain COMINT information that is currently and properly classified. To provide additional information regarding the document would lead to the disclosure of classified information.

19.  The HDD containing these files is an Information Storage Media (ISM) (i.e., a data storage object capable of being read from, or written to, by an Information System) and must be protected at the classification level of the information stored on the ISM. (NSA Policy 6-22, issued 3 January 2008 and revised 8 November 2013, "Labeling, Declassification, and Release of NSA/CSS Information Storage Media.") Therefore, plaintiff Roark's HDD currently and properly is classified TOP SECRET//SI.

20.  NSA's assertion of interests in the foregoing material is for the purpose of ensuring that there is no disclosure of classified information and/or information exempt from public disclosure under Public Law 86-36. NSA has no interest in preserving any of the foregoing materials seized from plaintiff Roark. NSA is willing to destroy all copies of the foregoing materials in its possession.

21.  Should the Court require additional details, I can provide a supplemental classified declaration *ex parte in camera* for the court's consideration.

*I declare under penalty of perjury that the foregoing is true and correct.*

Executed this 29th day of September 2014 at Fort Meade, Maryland.

_____
MIRIAM P.

**Page 9**  Declaration of Miriam P. in Support of Defendant's Motion for Summary Judgment
*Roark v. United States,* 6:12-CV-01354-MC

CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2014 a copy of the foregoing **Declaration of Miriam P. in Support of Defendant's Motion for Summary Judgment** was placed in a postage prepaid envelope and deposited in the United States Mail at Portland, Oregon, , addressed to:

    Diane Roark
    2000 N. Scenic View Dr.
    Stayton, OR 97383

And was sent via email to the following email address:

    gardenofeden@wvi.com

                                                */s/ James E. Cox, Jr.*
                                                JAMES E. COX, JR.

**CERTIFICATE OF SERVICE**