UNCLASSIFIED//FOR OFFICIAL USE ONLY



NATIONAL SECURITY AGENCY
FORT GEORGE G. MEADE, MARYLAND 20755-6000

24 October 2006

Mr. ▮▮▮▮
Publications Review Board
Central Intelligence Agency
Washington, DC 20505

Dear Mr. ▮▮▮▮

(U) This replies to your pre-publication appeal (PRB 13925-06), submitted on behalf of Diane Roark, a former Staff Director for the House Permanent Select Committee on Intelligence who had been granted access to Sensitive Compartmented Information by the Central Intelligence Agency. Ms. Roark is appealing the National Security Agency's (NSA) decision (PP-06-0750) to deny the release of certain information in Ms. Roark's document entitled "NSA Counter-Terrorism: Liberty and Security." NSA withheld the release of certain information in Ms. Roark's document because it contained classified and/or For Official Use Only (FOUO) information and Ms. Roark intended to publicly disseminate this document in her personal capacity.

(U//FOUO) I reviewed Ms. Roark's document, the Director of Policy's decision to deny the release of certain information he determined was classified and/or FOUO as highlighted and marked in his response to the pre-publication request, and Ms. Roark's appeal of the Director of Policy's decision. Additionally, NSA had its Original Classification Authority for the Terrorist Surveillance Program review Ms. Roark's document. Based on my review of all of this information, I have determined that the Director of Policy's determination that certain information, as highlighted in his letter to you, was classified SECRET//COMINT and TOP SECRET//COMINT//NOFORN and/or protected from public disclosure (i.e., FOUO) was appropriate. Accordingly, Ms. Roark's document cannot be publicly released unless the highlighted information is removed.

(U) The highlighted information containing a classification marking of SECRET//COMINT or TOP SECRET//COMINT//NOFORN is currently and properly classified as marked and for the reasons set forth in the Director of Policy's letter. This letter clearly explains why the information is classified, and no additional explanation is necessary.

(U) The remaining highlighted information that must be withheld is UNCLASSIFIED but marked FOR OFFICIAL USE ONLY, which means that it may be exempt from release to the public under the Freedom of Information Act (FOIA) provided one of the nine FOIA exemptions is applicable. Information that would be exempt from public information under the FOIA would also be withheld from release to the public if such release was sought through other means to include a pre-publication review.

UNCLASSIFIED//FOR OFFICIAL USE ONLY

UNCLASSIFIED//FOR OFFICIAL USE ONLY

(U) In Ms. Roark's document, the highlighted information is FOUO because it reveals certain functions and activities of NSA, which are protected from public release pursuant to section 6 of the National Security Agency Act of 1959, Public Law 86-36 (50 U.S.C. § 402 note). Accordingly, this information, if requested under the FOIA, would be exempt from release pursuant to FOIA Exemption Three.

(U) Section 6 of the National Security Agency Act provides that "[n]othing in this **Act or any other law ... shall be construed to require the disclosure of the organization or any function of the National Security Agency, of any information with respect to the activities thereof, ..."** (emphasis added). By this language Congress expressed its finding that disclosure of any information relating to NSA activities is potentially harmful. The courts, when addressing requests for FOUO information under FOIA, have held that the protection provided by this statutory privilege is, by its very terms, absolute. See, e.g., Linder v. NSA, 94 F. 3d 693 (D.C. Cir. 1996). Section 6 states unequivocally that, notwithstanding any other law, including the FOIA, NSA cannot be compelled to disclose any information with respect to its activities. See Hayden v. NSA, 608 F.2d 1381 (D.C. Cir. 1979). Further, NSA is not required to demonstrate specific harm to national security when invoking this statutory privilege, but only to show that the information relates to its activities. Id. To invoke this privilege, NSA must demonstrate only that the information sought to be protected falls within the scope of section 6. NSA's functions and activities are therefore protected from disclosure even though the information is unclassified.

(U) In her appeal, Ms. Roark had questions and concerns about unclassified information that is marked FOUO. Simply put, an individual can only have access to information designated as FOUO if a determination has been made that she has a valid need for such information in connection with the accomplishment of a lawful and authorized Government purpose. Given Ms. Roark's stated reasons for seeking FOUO information, which is public dissemination, she does not satisfy the criteria for access to such FOUO information. Should Ms. Roark seek additional information about the handling restrictions of information marked FOUO, she should refer to Appendix 3 to DoD 5200.1-R and the Under Secretary of Defense for Intelligence's memorandum entitled "Interim Information Security Guidance," dated April 16, 2004, both of which are enclosed for Ms. Roark's review.

JOHN C. INGLIS
Deputy Director

2 Encls
a/s

UNCLASSIFIED//FOR OFFICIAL USE ONLY

Roark v. United States, Case No. 6:12-cv-01354-MC                                            Exhibit 1