**BILLY J. WILLIAMS, OSB #901366**
Acting United States Attorney
District of Oregon
**JAMES E. COX, JR., OSB # 08565**
Assistant United States Attorney
jim.cox@usdoj.gov
United States Attorney's Office
District of Oregon
1000 SW Third Ave., Suite 600
Portland, Oregon 97204-2902
Telephone: (503) 727-1026
Facsimile: (503) 727-1117
      Attorneys for Defendant United States

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **DIANE ROARK,** | Case No.: 6:12-CV-01354-MC |
| Plaintiff, | **DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S PROPOSED PLAN FOR RETURN OF ELECTRONICALLY STORED INFORMATION** |
| v. | |
| **UNITED STATES OF AMERICA,** | |
| Defendant. | |

Pursuant to the Court's order dated July 7, 2015 (Dkt # 119),

Defendant the United States of America, by Billy J. Williams, Acting United

States Attorney for the District of Oregon, and through James E. Cox, Jr.,

**Page 1**   Defendant's Reply In Support of Defendant's Proposed Plan
       for Return of Electronically Stored Information
       *Roark v. United States,* 6:12-CV-01354-MC

Assistant United States Attorney for the District of Oregon, submits this reply regarding Defendant's proposed plan for the review and return of electronically stored information ("ESI").

## A.     Reply to "Scope of Review" Section of Plaintiff's Response.

Plaintiff appears to accept Defendant's proposal that the scope of files to be identified for review will be limited to (1) Plaintiff's user profile (c:\Documents and Settings\Diane Roark) and (2) the email repository for Plaintiff's email address dr20781@aol.com (c:\program files\America Online 6.0\backup\dr20781) and (c:\program files\America Online 7.0\backup\dr20781).  However, to ensure that there is no misunderstanding; Defendant addresses two incorrect assumptions in Plaintiff's response.

First, Plaintiff appears to assume that every user-created file in her user profile will be reviewed for return.  (Resp., pp. 1-2.)  Defendant cannot guarantee that will occur.  That is because there is no error-proof way to identify all user-created files within a given directory on a computer.  Defendant has proposed that the government review 23 types of common user-created files within Plaintiff's user profile.  (ECF No. 115.)  This should encompass most of the user-created files in Plaintiff's user profile.  However, there may be user-created files in Plaintiff's user profile that are not among these common file types and, thus, would not be reviewed (unless Plaintiff is

**Page 2    Defendant's Reply In Support of Defendant's Proposed Plan
            for Return of Electronically Stored Information**
        *Roark v. United States,* 6:12-CV-01354-MC

able to identify additional user-created file types for review that would encompass such files).

Second, Plaintiff incorrectly assumes that the AOL emails are located within her user profile. (Resp., p. 2 "Therefore, documents created or received by Plaintiff, including emails, are portions of her user profile."). They are not. Rather, the emails are located under the AOL 6.0 and AOL 7.0 program directory on the root of the hard drive (c:\program files\America Online 6.0\backup\dr20781) and (c:\program files\America Online 7.0\backup\dr20781). The location of the email repository is not an obstacle for reviewing the files since the repository has been identified.[1] Defendant simply wishes to note Plaintiff's incorrect assumption.

**B.    Reply to "Clarification of Current Status of Search and Review" Section of Plaintiff's Response.**

    **1.    The sufficiency of the government's identification of paper documents is not before the Court.**

Plaintiff argues that the government should be required to "provide transparency to the Court by individually listing documents that are currently grouped together" in the declaration of Laura Pino in support of Defendant's motion for summary judgment. (Resp. at pg. 2.) Plaintiff's argument is misplaced because the sufficiency of the government's

---

[1] However, the location of the email repository was one reason for the government's delay earlier in the litigation in identifying the repository.

**Page 3    Defendant's Reply In Support of Defendant's Proposed Plan for Return of Electronically Stored Information**
    *Roark v. United States,* 6:12-CV-01354-MC

identification of items *other than the computer* that the government did not return to Plaintiff is not an issue before the Court. These items are almost all paper documents (except for one CD that was created by the government, not Plaintiff). The government's retention of these items was already the subject of Defendant's motion for summary judgment and the documents are not (and, by definition, cannot) be ESI on the computer. Thus, Plaintiff's argument is misplaced.

### 2. The government was not able to move forward with review of ESI earlier in this litigation.

Plaintiff also argues that "defendant should state whether it intends to update, supplement or repeat any key word search or manual review" and "[if so, the justification for doing so should be presented and reviewed by the Court . . . ." (Resp. at p. 3.)

Earlier in this litigation, the parties agreed to move forward with a review and return of files on the computer and then litigate the privilege issues for all documents/ computer files that were not returned. (ECF No. 64.) However, this agreement fell apart due primarily to a disagreement over whether HPSCI would also be able to review information for return. (ECF No. 66.) While the government did get an initial count of files from Plaintiff's user profile that would require a manual review based on NSA search terms,

Page 4   Defendant's Reply In Support of Defendant's Proposed Plan
       for Return of Electronically Stored Information
    *Roark v. United States,* 6:12-CV-01354-MC

it did not do so for HPSCI search terms, nor did it get a count of files from Plaintiff's email repository that would require manual review for any terms.

The government will need to start this review process from the beginning. It needs to do so because the earlier search that was done was merely an electronic search, did not include all of the necessary search terms, and did not include all necessary areas of the computer (i.e., the email repository). Attempting to pick up where the searches left off before the process was terminated over a year ago would increase the risk of error.

Furthermore, because the government never obtained a count of the total number of files that would need to be manually reviewed, it cannot give an estimate for how long the review process will take. However, the government is prepared to provide such an estimate in a status report, once the information is available.

C.  **Reply to "Reasons for Withholding Individual Documents" and "Metadata Identification of Material Withheld" Sections of Plaintiff's Response.**

Defendant agrees to provide Plaintiff with a log of withheld files comparable to those provided in the *Wiebe* case. The log will contain fields appropriate for the types of files listed.

**D.    Reply to "Returning Searchable Emails" Section of Plaintiff's Response.**

The government understands that Plaintiff would like the AOL emails returned to her in the most usable format possible. The government's inability to provide assurance on this point is based on technical feasibility, not due to an unwillingness to provide the information in the most usable format possible.

In reviewing the technical issues, the government believes it may be able to provide the AOL emails in ".msg" format. Plaintiff will need to view .msg emails using an appropriate application, such as the commonly-used Outlook or Outlook Express applications. When viewed in these applications, the messages should appear with formatting similar to that in the AOL system and include many of the fields that existed in the AOL system. The government will have a better understanding of the feasibility of returning the AOL emails in a format such as .msg and the fields such files would

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

include as it conducts the review and return process.

DATED this 21st day of July 2015.

            Respectfully submitted,

            BILLY J. WILLIAMS
            Acting United States Attorney
            District of Oregon

            */s/ James E. Cox, Jr.*
            JAMES E. COX, JR.
            Assistant United States Attorney
            Attorneys for Defendant

**Page 7   Defendant's Reply In Support of Defendant's Proposed Plan
    for Return of Electronically Stored Information**
   *Roark v. United States,* 6:12-CV-01354-MC

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing **Defendant's Proposed Plan for Return of Electronically Stored Information** was placed in a postage prepaid envelope and deposited in the United States Mail at Portland, Oregon on July 21, 2015, addressed to:

    Diane Roark
    2000 N. Scenic View Dr.
    Stayton, OR 97383

And was sent via email to the following email address:

    gardenofeden@wvi.com

                                                 /s/ James E. Cox, Jr.
                                                 JAMES E. COX, JR.